# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **WILLIAM FONTAN** | § | **PLAINTIFF** |
| | § | |
| **v.** | § | **CAUSE NO. 1:10CV42 LG-RHW** |
| | § | |
| **ANGELO MUCCIOLO and** | § | |
| **RABCO INT'L, LLC** | § | **DEFENDANTS** |

## MEMORANDUM OPINION AND ORDER TO REMAND CASE
## TO THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

THIS MATTER COMES BEFORE THE COURT upon the Plaintiff's Motion to Remand [7]. Defendant Rabco International, LLC has filed a response. After due consideration of the pleadings, briefs and arguments of counsel and the relevant legal authorities, the Court finds that it does not have subject matter jurisdiction of this cause, and removal was improper. Accordingly, the Motion to Remand will be granted.

### FACTS AND PROCEDURAL HISTORY

While driving on Interstate 10 near Pascagoula, Mississippi, Plaintiff Fontan was struck from behind by Defendant Mucciolo, who was driving a truck owned by Defendant Rabco International, LLC. Fontan filed a complaint against Mucciolo and Rabco in Jackson County Circuit Court, but had some difficulty locating and serving them with process. Fontan eventually served Rabco, which filed an answer. Fontan relied on the Mississippi Secretary of State to serve process on Mucciolo. The secretary of state sent the summons and complaint to Mucciolo's last know address in South Dakota by certified mail on January 27, 2010. Ct. R. 2, p.2-3. Shortly thereafter, on February 2, 2010, Rabco removed the case to this Court. Mucciolo has not made an appearance.

DISCUSSION

To support removal, Rabco bears the burden of establishing federal jurisdiction over the state court suit. *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92 (1921). District courts "must presume that a suit lies outside this limited jurisdiction." *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 916 (5th Cir.), *cert. denied,* 534 U.S. 993 (2001). The removing party therefore must not only demonstrate the federal court's jurisdiction, but must also show that removal was proper. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

Citizenship of the Parties:

Rabco based its removal on the complete diversity of the parties under 28 U.S.C. § 1332. In its Notice of Removal, Rabco alleges that Plaintiff is a resident of Louisiana, Rabco is a Texas LLC, Mucciolo is a resident of South Dakota, and the amount in controversy is more than $75,000. Rabco's citizenship, as a limited liability company, is that of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). No mention is made of Rabco's members. This is insufficient to allege diversity jurisdiction. *Mullins v. Testamerica, Inc.*, 300 Fed. Appx. 259, 259-60 (5th Cir. 2008).

"The requirement that jurisdiction be established as a threshold matter . . . is 'inflexible and without exception.'" *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 94-95 (1998) (quoting *Mansfield, Coldwater & Lake Mich. Ry. v. Swan*, 111 U.S. 379, 382 (1884)). FEDERAL RULE OF CIVIL PROCEDURE 12(h)(3) provides that "whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." "When jurisdiction is based on diversity, . . . the citizenship of the parties must be '*distinctly* and *affirmatively* alleged.' 'Failure adequately to allege the basis for diversity

jurisdiction mandates dismissal.'" *Mullins*, 300 Fed. Appx. at 259 (quoting *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991) and *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988)). Because the Notice of Removal does not allege the citizenship of Rabco's members, the Notice does not suffice to demonstrate diversity jurisdiction.

Consent to Removal:

Fontan's remand motion is based on Rabco's failure to obtain consent for removal from its co-defendant Mucciolo. Mucciolo has not indicated his consent to removal, and Rabco's Notice does not allege why Mucciolo did not consent. Removal procedures are governed by 28 U.S.C. § 1446, which provides:

> A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a). This provision "has been interpreted to require that all then served properly joined defendants join in the removal petition. . . . Defendants (at least those not citizens of the forum state) who are unserved when the removal petition is filed need not join in." *Getty Oil Corp. a Div. of Texaco, Inc. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 n.9 (5th Cir. 1988).

The notice of removal must be filed within 30 days of service of process. 28 U.S.C. § 1446(b). The term "service of process" is defined by state law. *City of Clarksdale v. BellSouth Telecomm., Inc.,* 428 F.3d 206, 210-11 (5th Cir. 2005). Thus, to determine whether Rabco complied with § 1446(b), the Court must look to see what constitutes service of process on Mucciolo under Mississippi law. *Id.*

Mississippi law allows for service on a nonresident motorist such as Mucciolo. It

provides that any nonresident operating a motor vehicle in the state appoints the Mississippi

Secretary of State "to be his true and lawful attorney, upon whom may be served all lawful

processes or summonses in any action or proceeding against him, growing out of any accident or

collision in which said nonresident may be involved while operating a motor vehicle" in

Mississippi. MISS. CODE ANN. § 13-3-63. Once the secretary of state receives service of process

on behalf of an out-of-state motorist, he sends a "[n]otice of such service, together with a copy of

the process or summons, [by] certified or registered mail, restricted for delivery to addressee only

and with postage prepaid, . . . to each such nonresident defendant at his last known address." *Id*.

Service is complete when the secretary of state mails the notice in this fashion. *Gulf Nat'l Bank

v. King*, 362 So. 2d 1253, 1255 (Miss. 1978).

From the state court record filed in this cause, it appears that the secretary of state sent the

notice of service to out-of-state motorist Mucciolo at his last know address by certified mail. *See*

Ct. R. 2 p.2-3. Thus, the statute was complied with and Mucciolo was properly served prior to

the Notice of Removal. Rabco's removal of this case without either obtaining Mucciolo's

consent or affirmatively explaining his failure to consent was improper. *See Wade v. Fireman's

Fund Ins. Co.*, 716 F. Supp. 226, 230 (M.D. La. 1989); *Courtney v. Benedetto*, 627 F. Supp. 523,

526-27 (M.D. La. 1986). "The absence of an entry of appearance on behalf of a defendant who,

in fact, has been served does not excuse the failure of a removing co-defendant to obtain his

joinder or consent." *Collins v. Am. Red Cross*, 724 F. Supp. 353, 360 (E.D. Pa. 1989).

Accordingly, the Notice of Removal is defective and subject to remand to state court.

This result may appear inequitable, given the obvious practical problem of finding

Mucciolo in order to obtain his consent to the removal.  Nevertheless, under Mississippi law

Mucciolo has been effectively served with process.  Under Federal law **all properly served**

**defendants** must consent to removal or join in the removal petition.  The Court is further

instructed by the Fifth Circuit's repeated admonition that the removal statute is to be strictly

construed, and any doubt as to the propriety of removal should be resolved in favor of remand.

*See Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008); *In re Hot-Hed, Inc.*, 477 F.3d 320,

323 (5th Cir. 2007).  "Where a later determination that the district court lacked jurisdiction

would make futile the federal litigation of a case, it is only prudent to resolve all doubts in favor

of remand to a state court with unquestionable jurisdiction."  *Collins*, 724 F. Supp. at 358.

The Court finds that Rabco has failed to either demonstrate the federal court's

jurisdiction, or that removal was proper.  This case will be remanded to the state court.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion to Remand [7] is

**GRANTED**.  The above styled and numbered cause is hereby **REMANDED TO THE**

**CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI**, pursuant to 28 U.S.C. §

1447(c).

**IT IS FURTHER ORDERED AND ADJUDGED** that a certified copy of this order of

remand shall be immediately mailed by the Clerk to the clerk of the state court pursuant to 28

U.S.C. 1447(c).

**SO ORDERED AND ADJUDGED** this the 14th day of April, 2010.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE